IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ELIGIO ROMERO BACALLAO, JR.,

               OPINION AND ORDER

        Petitioner,

               18-cv-403-bbc

    v.

TIM LUNDQUIST,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Eligio Bacallao, Jr., who is incarcerated at the Wisconsin Resource Center, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his October 31, 2014 conviction in the Circuit Court for Dane County, Wisconsin, in consolidated cases nos. 2013CF760, 2013CT1282, 2013CF1863 and 2014CF213, for stalking, strangulation and suffocation, third degree sexual assault, threats to injure, computer message threat of injury or harm, operating while revoked, felony bail jumping and disorderly conduct. In an order entered on July 16, 2018, I reviewed the petition and allowed petitioner to proceed with the following claims: (1) the state trial court erred in allowing petitioner to represent himself prior to and during trial; and (2) there was insufficient evidence at trial to convict him of third degree sexual assault. Dkt. #6.

      Now before the court is petitioner's "verified petition" in which he repeats the claims raised in his original petition and adds new claims for ineffective assistance of appellate or postconviction counsel. Dkt. #10. (Although petitioner says that he is

bringing his claims against his appellate counsel, he appears to be challenging the representation that he received in bringing his postconviction motion.)

After reviewing the amended petition, I conclude that petitioner has not yet exhausted his ineffective assistance claims by presenting them to the state courts. Therefore, petitioner has presented a "mixed petition," meaning that some of his claims are ready to proceed and others are not yet exhausted. Because a mixed petition presents petitioner with a choice on how he would like to proceed, I will give petitioner an opportunity to inform the court of his choice.

OPINION

Federal district courts must dismiss a petition like petitioner's that presents a mix of exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982). Alternatively, petitioner may choose to amend his petition by deleting the unexhausted ineffective assistance of counsel claims and then proceed solely on his exhausted claims. Id. at 520. A court may stay a mixed petition containing both exhausted and unexhausted claims in situations in which outright dismissal of the petition could jeopardize the petitioner's ability to later file a timely habeas petition on the unexhausted claims, such as when the petitioner files his application "close to the end of the 1-year" statute of limitations. Rhines v. Weber, 544 U.S. 269, 275 (2005). In general, courts have found that a petitioner's right to federal review is not at risk when he has at least 60 days remaining on his federal clock within which to initiate the state court exhaustion

process and return to federal court after completing it. Crews v. Horn, 360 F.3d 146, 154 (3d Cir. 2004) (petitioner ought to be able to file application for state post conviction relief within 30 days and return to federal court within 30 days after state court exhaustion is completed); Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002) (same); Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001) (same).

In this case, petitioner's one-year limitations period would have begun to run on February 13, 2018, or 90 days after November 15, 2017, the day the Wisconsin Supreme Court denied his petition for review. Anderson v. Litscher, 281 F.3d 672, 674-675 (7th Cir. 2002) (one-year statute of limitations does not begin to run under § 2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed petition for writ of certiorari with United States Supreme Court). Because petitioner's one-year statute of limitations period expires on February 13, 2019, he has approximately six months remaining in which to exhaust his state court remedies, if he chooses to do so, without jeopardizing the timeliness of any future federal habeas petition. Therefore, a stay of these proceedings would not be warranted in the event petitioner chooses to return to state court.

Accordingly, I will give petitioner the opportunity to decide whether he prefers to: (1) withdraw his amended petition and abandon his unexhausted ineffective assistance of counsel claims and proceed solely on the claims that have been exhausted; or (2) pursue his unexhausted claims in state court and have this court dismiss his petition without prejudice for his failure to exhaust his state court remedies.

I offer some additional comments for petitioner's benefit. First, in deciding which course of action to pursue, petitioner should consider that if he decides to give up his unexhausted claims and present only the ones he has already exhausted, it is unlikely that this court would allow him to raise the unexhausted claims in a later federal habeas petition. Lundy, 455 U.S. at 521 ("[A] prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions.") (citing 28 U.S.C. § 2254 Rule 9(b), authorizing dismissal for abuse of the writ).

Second, it is not clear that petitioner's ineffective assistance of appellate counsel claims will get him very far. In determining whether an attorney's performance fell below an objective standard of reasonableness, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." Harrington v. Richter, 562 U.S. 86, 105 (2011). In the amended petition, petitioner alleges that his appellate counsel (1) did not cite any federal law in his briefs he filed in the state courts regarding his insufficient evidence claim, thereby preventing petitioner from seeking relief in federal court; (2) failed to argue in the postconviction motion that the trial court judge applied the wrong burden of proof with respect to third degree sexual assault, relying on "meager evidence" of non-consent rather than "substantial evidence"; and (3) failed to cite relevant legal authority in his briefs to support an argument that the victim had consented to an initial sexual act with petitioner and never withdrew that consent. As to

4

petitioner's first claim, there is no requirement that counsel cite federal law in a state post conviction motion, and his attorney's failure to cite such law does not preclude petitioner from seeking relief in this court. As to his second claim, the burden of proof for a criminal conviction is beyond a reasonable doubt, and not substantial evidence. In addition, in denying petitioner's post conviction motion, the court of appeals considered both whether there was sufficient evidence to find petitioner guilty beyond a reasonable doubt and the issue raised in petitioner's third ineffective assistance claim related to whether there is any legal authority supporting petitioner's argument that the victim's consent to an initial sexual act carried over to a second sexual act. Dkt. #10, exh. #1.

Finally, the Wisconsin courts distinguish claims challenging the effectiveness of post conviction counsel from those challenging the effectiveness of appellate counsel. Wis. Stat. § 974.06; State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 556 N.W. 2d 136 (Ct. App. 1996) (describing procedure for challenging effectiveness of post conviction counsel); State v. Knight, 168 Wis. 2d 509, 520, 484 N.W.2d 540, 544 (1992) (appellate counsel). In this case, it appears that petitioner is challenging the effectiveness of his post conviction counsel, meaning that Rothering would apply, but petitioner should review these cases to make sure that he follows the appropriate procedures for exhausting his claims.

ORDER

IT IS ORDERED that petitioner Eligio Romero Bacallao, Jr. has until September 4, 2018 to advise the court whether he wishes to pursue his unexhausted claims in state court or whether he prefers to amend his petition to delete the unexhausted claims and proceed solely on the exhausted claims in this court. If petitioner chooses to pursue his unexhausted claims in state court, or if he does not report his choice by the deadline, his petition will be dismissed without prejudice for his failure to exhaust his state court remedies, pursuant to Rose v. Lundy. If petitioner chooses to proceed with his exhausted claims, then I will consider those claims on the merits after the state has had an opportunity to answer the petition.

Entered this 20th day of August, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge