IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ELIGIO ROMERO BACALLAO, JR.,

              Petitioner,

v.

TIM LUNDQUIST,

              Respondent.

ORDER

18-cv-403-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Eligio Bacallao, Jr., who is incarcerated at the Wisconsin Resource Center, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his October 31, 2014 conviction in the Circuit Court for Dane County, Wisconsin. Petitioner has filed an amended petition in which he raises both exhausted and unexhausted claims. In an order entered on August 20, 2018, I gave petitioner the opportunity to decide whether he prefers to: (1) withdraw his amended petition and abandon his unexhausted ineffective assistance of counsel claims and proceed solely on the claims that have been exhausted; or (2) pursue his unexhausted claims in state court and have the court dismiss his petition without prejudice for his failure to exhaust his state court remedies. Dkt. #12. In his response filed on August 27, 2018, petitioner asks that I hold his unexhausted claims in abeyance until he can exhaust them in state court and rule on the merits of his exhausted claims. Dkt. #13. That option is not available to petitioner.

As I explained in my previous order, a court may stay a mixed petition containing both exhausted and unexhausted claims in situations in which outright dismissal of the petition could jeopardize the petitioner's ability to later file a timely habeas petition on the unexhausted claims, such as when the petitioner files his application "close to the end of the 1-year" statute of limitations. Rhines v. Weber, 544 U.S. 269, 275 (2005). In general, courts have found that a petitioner's right to federal review is not at risk when he has at least 60 days remaining on his federal clock within which to initiate the state court exhaustion process and return to federal court after completing it. Crews v. Horn, 360 F.3d 146, 154 (3d Cir. 2004) (petitioner ought to be able to file application for state post conviction relief within 30 days and return to federal court within 30 days after state court exhaustion is completed); Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002) (same); Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001) (same). In this case, as of the date of my last order, petitioner had approximately six months remaining on his federal clock in which to exhaust his state court remedies without jeopardizing the timeliness of any future federal habeas petition. Therefore, petitioner's request for a stay will be denied.

I will give petitioner one more opportunity to decide whether he would like to amend his petition to delete his unexhausted claims and pursue his exhausted claims in this court, or have me dismiss his petition so that he may pursue his unexhausted claims in state court. Rose v. Lundy, 455 U.S. 509, 510 (1982) (explaining choice petitioners face with mixed petitions). If petitioner chooses to pursue his unexhausted claims in

state court, or if he does not report his choice by the deadline below, I will dismiss the amended petition without prejudice for his failure to exhaust his state court remedies, pursuant to Rose v. Lundy.

ORDER

IT IS ORDERED that petitioner Eligio Romero Bacallao, Jr. has until September 21, 2018 to advise the court whether he wishes to pursue his unexhausted claims in state court or whether he prefers to amend his petition to delete the unexhausted claims and proceed solely on the exhausted claims in this court. If petitioner chooses to pursue his unexhausted claims in state court, or if he does not report his choice by the deadline, his petition will be dismissed without prejudice for his failure to exhaust his state court remedies, pursuant to Rose v. Lundy. If petitioner chooses to proceed with his exhausted claims, then I will consider those claims on the merits after the state has had an opportunity to answer the petition.

Entered this 7th day of September, 2018.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge