IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ELIGIO ROMERO BACALLAO, JR.,

                  Petitioner,

    v.

BRIAN FOSTER,

                  Respondent.

ORDER

18-cv-403-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Eligio Bacallao, Jr., who is incarcerated at the Waupun Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which includes both exhausted and unexhausted claims. (I have amended the caption to reflect that Brian Foster, the warden at Waupun, is the proper respondent in this case. 28 U.S.C. § 2243.) In response to my September 7, 2018 order asking petitioner whether he wishes to (1) dismiss his petition without prejudice to pursue his unexhausted ineffective assistance claims in state court or (2) dismiss the unexhausted claims and proceed solely on the exhausted claims in this court, petitioner states that he "unwillingly" asks that I dismiss his unexhausted claims without prejudice so that he may proceed solely on his two exhausted claims. However, he also explains that he recently filed a petition for a writ of habeas corpus in state court in an attempt to exhaust his ineffective assistance of postconviction counsel claims.

Because it seems that petitioner may be under the impression that he can pursue his exhausted claims through his current petition and later file another petition with respect to his unexhausted claims, I want to emphasize a few points that I discussed in my previous orders. First, a petitioner usually has only one opportunity to file a habeas petition with respect to the same conviction. Under 28 U.S.C. § 2244(b)(3)(A), a petitioner may not file a second or successive application for habeas relief in a federal district court unless he first seeks and obtains an order from the appropriate federal court of appeals authorizing the district court to consider the application. A "second or successive" petition is one in which the prisoner is challenging the same conviction that he challenged in a previous petition that was decided on the merits. In re Page, 179 F.3d 1024, 1025 (7th Cir. 1999); Phiffer v. Hepp, 2014 WL 5494176, at *1 (W.D. Wis. Oct. 30, 2014). Therefore, if petitioner chooses to proceed with his petition on his exhausted claims, it is unlikely that he will be allowed to raise his unexhausted ineffective assistance claims in a later federal habeas petition. Rose v. Lundy, 455 U.S. 509, 521 (1982) ("[A] prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions.") (citing 28 U.S.C. § 2254 Rule 9(b), authorizing dismissal for abuse of the writ).

Second, for the reasons explained in my August 20, 2018 order, petitioner also should consider that his chances of success on his unexhausted claims are slim unless he can support his conclusory allegations of ineffective assistance of counsel with specific facts that actually establish prejudice. Strickland v. Washington, 466 U.S. 668, 691

(1984) (error by counsel, even if professionally unreasonable, does not warrant setting aside criminal judgment if error had no effect on judgment).

Third, petitioner has a fair amount of time left on his federal habeas clock to exhaust all of his claims and then refile his petition in this court. Petitioner's one-year statute of limitations period will expire on February 13, 2019. Therefore, if he were to dismiss his current petition without prejudice, he has approximately five months remaining in which to exhaust his state court remedies without jeopardizing the timeliness of any future federal habeas petition. Assuming petitioner would not miss any of Wisconsin's deadlines for filing an appeal or petition for review, all time that petitioner spends exhausting his claims in state court would not count against the approximately five months remaining on petitioner's federal habeas clock. 28 U.S.C. § 2244(d)(2); Fernandez v. Sternes, 227 F.3d 977, 979-980 (7th Cir. 2000) (properly filed application for state postconviction relief is "pending" within meaning of § 2244(d)(2) and continues to be "pending" during period between one court's decision and timely request for further review by higher court). See also Artuz v. Bennett, 531 U.S. 4, 8 (2000) (discussing what it means for application to be "properly filed"). Because petitioner says that he has already filed an application for a writ of habeas corpus in state court with respect to his ineffective assistance of postconviction counsel claims, the only time that will count against petitioner's federal habeas clock is that which elapses between the date on which the Supreme Court denies his petition for review and the date on which petitioner files a new federal habeas petition.

As I have explained in previous orders, because five months affords petitioner enough time at the back end to file a new habeas petition in this court after he exhausts his appeals in the state court, I will not stay the present habeas application while petitioner exhausts his state court remedies. Freeman v. Page, 208 F.3d 572, 577 (7th Cir. 2000) (noting that district courts have discretion to stay habeas corpus action while prisoner exhausts state court remedies if dismissal could jeopardize timeliness of collateral attack); Tinker v. Hanks, 172 F.3d 990, 991 (7th Cir. 1999) (same).

Accordingly, I will give petitioner one final opportunity to consider his options and confirm whether he wishes to proceed solely on his exhausted claims at this time, understanding the risk that he most likely will not be allowed to file a second or successive habeas petition after he has exhausted his remaining claims of ineffective assistance of postconviction counsel. If petitioner would like this court to consider all of his claims on federal habeas review at a later date, he should dismiss his petition, exhaust his ineffective assistance of postconviction counsel claims in state court and then refile his federal habeas petition including all of his claims.

ORDER

IT IS ORDERED that

1. Petitioner Eligio Romero Bacallao, Jr. has until September 28, 2018 to advise the court whether he wishes to amend his petition to delete his unexhausted claims and proceed solely on his exhausted claims in this court, even if this means that petitioner

may not be allowed to file a second habeas petition with respect to the unexhausted claims.

2. The clerk of court is directed to amend the caption to reflect that Brian Foster is the proper respondent in this case.

Entered this 20th day of September, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge